UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN STEINBERG,<br>　　　　Plaintiff<br><br>v.<br><br>PENNSYLVANIA STATE BOARD<br>OF PHARMACY, *et al.*,<br>　　　　Defendants | CIVIL ACTION NO. 1:21-CV-1652<br><br><br><br>(ARBUCKLE, M.J.) |

MEMORANDUM OPINION
*Charles Hartwell's Motion to Dismiss (Doc.26)*

I.　　INTRODUCTION

　　The Commonwealth revoked Norman Steinberg's license to practice pharmacy after he plead guilty to a federal crime. In turn, Mr. Steinberg filed this civil rights suit, alleging that the administrative proceedings were chock full of illegality, and that a dragnet of various actors conspired to violate his civil rights.

　　As relevant to the pending Motion to Dismiss, Mr. Steinberg alleges that Charles Hartwell, his former attorney, knew the Commonwealth was violating his rights, but failed to stop it. Therefore, Mr. Steinberg claims that Mr. Hartwell is liable to him under 42 U.S.C. § 1986. However, that law requires allegations of a racial or class based discriminatory animus, which is not present in Mr. Steinberg's pleadings. So, I will grant Mr. Hartwell's Motion to Dismiss.

II.     BACKGROUND AND PROCEDURAL HISTORY

This *pro se*, fee paid civil action began on September 27, 2021, when Norman Steinberg ("Plaintiff" or Mr. Steinberg) filed a Complaint. (Doc. 1). On January 5, 2022, Plaintiff amended his Complaint by right, so that is now the operative pleading. (Doc. 21). Plaintiff names K. Kalonji Johnson, Theresa M. Talbott, R. Ph., Robert B. Frankil, R. Ph., Thomas P. Carey, Ed.D., Patrick M. Green, Esq., Melanie A. Zimmerman, R. Ph., Juan A. Ruiz, Esq., Kerry E. Maloney, Esq., Theodore Stauffer and Charles S. Hartwell, Esq. as defendants.[1] All parties, including Charles Hartwell, moved to dismiss the Amended Complaint on February 18 and 19, 2022. (Docs. 26, 27).

As we are in the motion to dismiss stage, I will take all facts presented in the Amended Complaint as true. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). Plaintiff, a previously licensed pharmacist in Pennsylvania, was indicted in December 1999 by federal prosecutors in the Eastern District of Pennsylvania for violations of Controlled Substances Act. (Doc. 21, ¶ 20). Pursuant to a plea agreement, Plaintiff plead guilty for failing to maintain proper records for the sale, delivery, or other disposition of controlled substances, in violation of 21 U.S.C. §

---

[1] All Defendants besides Mr. Hartwell are Commonwealth employees and are either members of the State Board of Pharmacy, counsel to the Board, or employees of the State Bureau of Professional and Occupational Affairs.

843(a)(4)(A).² (*Id.* at ¶ 21). Because of his guilty plea, Plaintiff believed his pharmacy license would be automatically suspended for one year. (*Id.* at ¶ 25). However, the Pennsylvania State Board of Pharmacy (the "Board") or the Bureau of Professional and Occupational Affairs (the "Bureau") did not pursue disciplinary action. (*Id.* at ¶ 26).

Believing that his one year mandatory suspension had come and passed, Plaintiff reapplied on March 21, 2014, for a reinstatement of his pharmacy license. (*Id.* at ¶ 32). After the Board denied three of his applications for failing to provide the appropriate documentation, on November 27, 2015, the Board reinstated Plaintiff's license. (*Id.* at ¶ 42).

On July 11, 2016, a Commonwealth prosecutor from the Bureau issued a Show Cause Order, alleging that Plaintiff's license should be subject to discipline

---

² "From January 3, 1996, to April 30, 1997, [Plaintiff], trading as Chelten Pharmacy, violated the federal Drug Abuse Prevention and Control Law, 21 U.S.C. §§ 801-971, specifically Section 843(a)(4)(A) of the statute, when he knowingly or intentionally omitted material information from records required by law to be made, kept, and filed, including records of sale, delivery, or other disposition of approximately 410,000 tablets containing alprazolam, commonly known as Xanax, which is a Schedule IV controlled substance." *Steinberg v. Bureau of Prof'l Affairs State Bd. of Pharmacy*, 2021 WL 3642336, *1 (Pa. Commw. Ct. Aug. 18, 2021). The Court may take judicial notice of another court's memorandum opinion. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("[W]e noted that judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions.").

pursuant to Section 5(a)(2) of the Pharmacy Act.[3] (*Id.* at ¶ 46). Plaintiff then retained Charles Hartwell to represent him. (*Id.* at ¶ 50). Following a hearing, the hearing examiner recommended to the Board that Plaintiff's license be suspended, a more severe penalty than the prosecutor recommended. (*Id.* at ¶ 69). On October 17, 2017, the Board "agreed to revoke Plaintiff's license in executive session."[4] (*Id.* at ¶ 74). Almost three years later, on June 16, 2020, the Board unanimously voted to suspend Plaintiff's license. (*Id.* at ¶ 83).

Plaintiff, with Mr. Hartwell representing him, appealed the Board's decision to the Commonwealth Court. (*Id.* at ¶¶ 90-94). Plaintiff wanted Mr. Hartwell to raise a due process challenge, but he did not do so. (*Id.*). The Commonwealth Court affirmed the Board's decision. (*Id.*).

While Plaintiff pleads nine causes of actions against various Defendants, his claims can be distilled into three categories. *First*, Plaintiff claims he was deprived of due process in his administrative hearings because there was a commingling of prosecutorial and adjudicatory functions. Plaintiff bases this on two claims: (1) the Board forwarded his application materials to prosecutors and (2) Defendants Ruiz and Maloney were former prosecutors who handled his case in 2005, and when they

---

[3] That law, codified in 63 P.S. § 390-5(a)(2) gives the Board the power to revoke or suspend a pharmacist's license if they have pleaded guilty "to any offense in connection with the practice of pharmacy. . . ."

[4] Defendants Talbot, Frankil, and Greene voted in favor of the motion. (*Id.* at ¶ 76).

became Board counsel, they improperly advised the Board. *Second*, he alleges that board acted with undue delay/an improper purpose when it waited three years between a preliminary decision and making its final decision to revoke Plaintiff's license. *Third*, he alleges that the Board violated the Equal Protection Clause because it irrationally treated him differently compared to other similarly situated individuals. He believes that 42 U.S.C. §§ 1983, 1986, and 1986 give him a cause of action for the aforementioned wrongs.

As applicable to Mr. Hartwell, Plaintiff claims that had "first-hand knowledge in 2016 that . . . [there] was a due process violation against Plaintiff, and having power to prevent the perpetuation of the same, both neglected and refused to do so . . ." (*Id.* at ¶ 140). Plaintiff further states that Mr. Hartwell's representation of him was a conflict of interest because he was a Board prosecutor in 2005, and if he properly pursued a one year suspension, then a longer suspension (like the one he received) would have been foreclosed. (*Id.* at ¶ 142). As such, Plaintiff believes Mr. Hartwell took part in violating Plaintiff's civil rights, and he is liable to him under 42 U.S.C. § 1986. He seeks a mix of injunctive and equitable relief collectively from the defendants. (*Id.* at p. 46-47).

On February 18, 2022, Mr. Hartwell filed a Motion to Dismiss for Failure to State a Claim. (Doc. 26). He filed his Brief in Support on March 4, 2022. (Doc. 31).

Plaintiff filed his brief in opposition the next day. (Doc. 32). Mr. Hartwell filed a Reply Brief on March 8, 2022. (Doc. 34). Thus, this Motion is ripe for review.

III.   THE MOTION TO DISMISS STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and ultimately determine whether Plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In review of a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothchild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* The court, however, "need not credit a complaint's bald

assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that the [plaintiff] can prove facts that [he] has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminister Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the Court of Appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011).

IV. DISCUSSION

Mr. Hartwell argues that Plaintiff's allegations against him fail because (1) Plaintiff's allegations of a conspiracy are conclusory at best, and (2) Plaintiff has not alleged that he was discriminated against because of a class-based animus, as required by a Section 1986 claim. (Doc. 31). To decide this case, I only have to discuss Mr. Hartwell's second argument. Analyzing this argument alone, Plaintiff's claim against Mr. Hartwell fails.

    A.    PLAINTIFF'S SECTION 1986 CLAIM FAILS BECAUSE HE HAS NOT ALLEGED HE WAS SUBJECT TO A RACIAL OR CLASS-BASED ANIMUS

In relevant part, 42 U.S.C. § 1986 states:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the

commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case.

"[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985. . . ." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Therefore, a thorough discussion of Section 1985 is necessary.

Section 1985 creates a civil cause of action if a party conspires to deprive individuals of their civil rights. There are three subsections to Section 1985, however only subsections (2) and (3) are applicable in this case.

Section 1985(2) contains two distinct bases for recovery: (1) intimidating a party, witness, or juror, or (2) obstructing justice. The first clause of Section 1985(2) gives a cause of action for plaintiffs injured by a conspiracy "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court . . . ." 42 U.S.C. § 1985(2). The second clause prohibits conspiracies "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws. . . ." 42 U.S.C. § 1985(2).

Section 1985(3) gives plaintiffs a cause of action if they are injured by a conspiracy "for the purpose of depriving, either directly or indirectly, any person or

class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3).

Originally, Mr. Hartwell believed that Plaintiff was asserting a claim under Section 1985(3). However, as raised by the Plaintiff, the Amended Complaint states that he is pursuing a claim under Section 1985(2). (Doc. 32, pp. 8-9 citing (Doc. 21, ¶ 3)). Because of this mistake, Plaintiff believes Mr. Hartwell's Motion should be denied. (*Id.*). However, Mr. Hartwell's Brief in Support is still relevant, as the second clause of Section 1985(2) and Section 1985(3) are similar, and "each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protections of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). To show an intent to deprive a plaintiff of the equal protection of the law, a plaintiff must show there was "some racial, or perhaps otherwise, class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726.

However, Plaintiff has not plead he was subject to racial or a class-based discriminatory animus. And while Plaintiff argues he was denied equal protection under a class of one theory,[5] it is well established that a class of one allegation cannot

---

[5] Traditionally, equal protection claims are based on a plaintiff's membership in a protected class. However, the Supreme Court ruled that plaintiffs can pursue these claims under a class of one theory, where a plaintiff must show "intentionally treated differently from others similarly situation and there is not rational basis for the

Page 10 of 12

sustain a Section 1985 claim. *E.g.*, *Royal Oak Ent., LLC v. City of Royal Oak, Michigan*, 205 F. App'x 389, 399 (6th Cir. 2006) (class of one animus cannot sustain a Section 1985/1986 claim); *Welsh v. Male*, 05-cv-6838, 2007 WL 906182, at * 14 (E.D. Pa. Mar. 21, 2007) ("his Section 1985(3) claim fails because a 'class of one' is not the type of group that could legitimately be subjected to class-based animus."); *Robinson v. Allstate*, 706 F. Supp. 2d 320, 328-29 (W.D.N.Y. 2010) (same); *McCleester v. Dep't of Labor and Industry*, No. 06-cv-120, 2007 WL 2071616, at * 15 (W.D. Pa. July 16, 2007) (same); *Escamilla v. City of Santa Ana*, 2021, at * 41 (C.D. Cal. Sept. 3, 2021) (same). And because a Section 1986 claim depends on a cognizable Section 1985 claim, Plaintiff has not sufficiently plead a Section 1986 claim.

  B.  FURTHER LEAVE TO AMEND WOULD BE FUTILE

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). In this case, Plaintiff already filed an Amended Complaint, but it failed to state a claim upon which relief can be granted. Given the Court's understanding of the factual basis for Plaintiff's claims, granting further leave to amend would be futile.

---

difference in treatment." *Village of Willowbrook v. Plech*, 528 U.S. 562, 564 (2000) (internal citations omitted).

## IV. CONCLUSION

A class of one theory cannot sustain a Section 1986 claim. Therefore, the claims against Mr. Hartwell fail and his Motion to Dismiss will be granted. An appropriate Order will follow.

Date: July 18, 2022                    BY THE COURT

                                       *s/William I. Arbuckle*
                                       William I. Arbuckle
                                       U.S. Magistrate Judge